IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Advanced Ambulatory Surgical Center, Inc., an Illinois Corporation,** | )<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | )    Case No.   1:13-cv-07227 |
| **Cigna Healthcare of Illinois, a Delaware Corporation.** | )<br>)    **Judge Leinenweber**<br>)<br>) |
| **Defendant.** | )<br>) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, Connecticut General Life Insurance Company, incorrectly sued as Cigna Healthcare of Illinois, Inc., respectfully submits this Notice of Supplemental Authority:

1. On April 29, 2014, Judge Gettleman issued a memorandum opinion and order that addresses issues relevant to the defendant's motion to dismiss in this case. In *Emerus Hospital Partners, LLC v. Health Care Service Corp.*, --- F.Supp.2d ----, 2014 WL 1715516 (N.D. Ill. 2014), the court held that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, completely preempted state-law claims that an out-of-network provider of emergency medical services asserted against the claims administrator of ERISA-governed benefit plans that covered the provider's patients. Specifically, the provider, Emerus, alleged that Blue Cross entities violated the Texas Prompt Pay Act by failing to pay "clean claims" it submitted for treating members of health benefit plans administered or insured by the Blue Cross. Emerus argued that the first prong of *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004), was not met because it had executed irrevocable waivers of the plan benefits its patients had assigned to it. The court rejected that argument because Emerus had previously submitted claims to Blue Cross identifying itself as the patients' assignee under their plans.

2. The court found that the second prong of *Davila* was met because the provider's claims did not involve "duties completely independent of an ERISA plan." 2014 WL 1715516, at *4. This was because Blue Cross had no contractual relationship with Emerus, an out-of-network provider, and Blue Cross had denied its claims based on coverage provisions in the patients' plans. As a result, the "determination of whether the claims at issue … are payable under the relevant ERISA plan requires a closer examination of the plan itself." *Id.*

3. A copy of the *Emerus* decision is attached as Exhibit A.

Respectfully submitted:

Connecticut General Life Insurance Company, incorrectly sued as Cigna Healthcare of Illinois, Inc.

By:    s/ Peter E. Pederson
One of its attorneys

Daniel K. Ryan
Peter E. Pederson
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
(312) 704-3000 Phone
(312) 704-3001 Fax
dryan@hinshawlaw.com
ppederson@hinshawlaw.com

## CERTIFICATE OF SERVICE

      The undersigned attorney certifies that on June 26, 2014 he e-filed this document through the Court's CM/ECF system, which will cause a copy to be electronically provided to counsel of record identified below.

                                                                 /s/ Peter E. Pederson

### Service List

Thomas J. Pliura, M.D., Esq.
P.O. Box 130
Le Roy, IL 61752
tom.pliura@zchart.com
Ph. (309) 962-2299
Fax (309) 962-4646

130840368v1 0950484