# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ADVANCED AMBULATORY SURGICAL CENTER, INC.,** | |
| Plaintiff, | Case No. 13 C 7227 |
| v. | Hon. Harry D. Leinenweber |
| **CIGNA HEALTHCARE OF ILLINOIS,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Between December 2010 and November 2012, Plaintiff Advanced Ambulatory Surgical Center, Inc. ("AASC") rendered surgical services to various patients who were insured under health plans administered by Defendant Cigna Healthcare of Illinois ("Cigna"). Prior to performing these services, AASC contacted Cigna to verify each patient's coverage. In every case, Cigna assured AASC that all claims would be reimbursed in full. When AASC later billed Cigna, however, Cigna refused to pay on the basis that it believed AASC had engaged in "fee-forgiving," a practice whereby certain out-of-network medical providers, in an effort to gain a competitive advantage over other providers, agree to overlook a patient's deductible or co-payment obligations and accept reimbursement under a plan as payment in full. Unsurprisingly, insurance companies disapprove of this practice because it

eliminates any incentive for patients to choose in-network providers over pricier out-of-network providers. To discourage fee-forgiveness, many benefit plans, including those administered by Cigna, exclude coverage for any expenses that a plan member is not obligated to pay personally.

On September 5, 2013, AASC initiated this action in the Circuit Court of Cook County, seeking reimbursement for each of the outstanding claims that Cigna refuses to pay. In its Complaint, AASC denies that it engaged in fee-forgiving and asserts that Cigna determined incorrectly that it was entitled to withhold payment on that basis. The Complaint advances state-law claims for promissory estoppel, unjust enrichment, fraud, and violation of Section 155 of the Illinois Insurance Code, 215 Ill. Comp. Stat. 5/155.

Cigna removed the action to this Court on grounds that (1) AASC's claims are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and (2) the Court has diversity jurisdiction under 28 U.S.C. § 1332. Cigna now seeks to dismiss the case in its entirety. It also asks that AASC's jury demand be stricken in the event that all claims are not dismissed. For the reasons stated herein, both Motions are granted in part and denied in part.

## II.  ANALYSIS

### A.  Motion to Dismiss

The outstanding health insurance claims at issue in this case relate to forty patients, twenty-six of whom are members of benefit plans that are governed by ERISA (the "ERISA Patients").  Cigna seeks to dismiss the Complaint as it relates to payments for those patients on the basis that AASC's state-law theories are preempted by ERISA.  As for the claimed payments relating to the remaining fourteen patients who are not members of ERISA plans (the "Non-ERISA Patients"), Cigna has moved to dismiss those claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Actually, it is unclear whether or not one of those fourteen patients is a member of an ERISA or non-ERISA plan.  Considering the lack of discovery in the case, however, the Court will afford AASC the benefit of the doubt and treat that patient as though his plan is not governed under the more stringent ERISA standard.)  The Court evaluates each ground for dismissal in turn.

#### *1.  ERISA Preemption*

Federal law preempts state-law claims in three circumstances: (1) where federal law states explicitly that it overrides relevant state law ("express" preemption), (2) where federal law conflicts with state law to such an extent that "it would be impossible for a party to comply with both [state] and federal requirements or where [state] law stands as an obstacle to the accomplishment and

execution of the full purposes and objectives of Congress" ("conflict" preemption), and (3) where federal law "so thoroughly occupies a legislative field as to make it reasonable to infer that Congress left no room for the states to act" ("field" or "complete" preemption). *Hoagland v. Town of Clear Lake, Ind.,* 415 F.3d 693, 696 (7th Cir. 2005) (quotation marks and citations omitted). Cigna argues that AASC's claims in this case are preempted expressly, by virtue of ERISA's express preemption provision, 29 U.S.C. § 1144(a) ("ERISA § 514(a)"), and under the doctrine of complete preemption, through ERISA's comprehensive civil enforcement scheme, 29 U.S.C. § 1132(a) ("ERISA § 502(a)").

ERISA § 514(a) provides, with some exceptions not relevant to this case, that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state law "relates to" a benefit plan "if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47 (1987).

ERISA § 502(a) allows an ERISA plan participant or beneficiary to sue to recover benefits under the terms of the plan, enforce rights under the terms of the plan, or clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has held that state-law claims that fall within the scope of ERISA § 502(a) are completely preempted and, therefore, come within the original jurisdiction of the federal

courts. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66 (1987). In assessing whether a particular state-law claim falls within the scope of Section 502(a), courts first must determine whether the plaintiff could have brought his claim under ERISA § 502(a) and, second, must examine whether the defendant's actions implicate a legal duty that is separate or independent from those created by ERISA. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209 (2004).

### a. Unjust Enrichment Claim

AASC's unjust enrichment claim is premised on the allegation that Cigna "received substantial monetary benefit, in the form of premiums and/or fees" under the various healthcare plans at issue but refused to pay AASC because it believed that AASC had been engaged in fee-forgiving. Claims of this sort merely recast under state-law what otherwise would be a traditional challenge to an ERISA plan administrator's interpretation of the terms of a plan. *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.,* 662 F.3d 376, 386-87 (5th Cir. 2011). Allowing such claims to proceed unpreempted "would run afoul of Congress's intent that the causes of action created by ERISA be the exclusive means of enforcing an ERISA plan's terms." *Id*. at 387.

Here, AASC is a plan beneficiary by virtue of its status as the assignee of each of the ERISA Patients; consequently, it could have brought a claim to collect outstanding payments under ERISA

§ 502(a)(1)(B). *Kennedy v. Conn. Gen. Life Ins. Co.,* 924 F.2d 698, 700 (7th Cir. 1991). Further, the substance of AASC's unjust enrichment claim implicates no independent legal duty because the claim "derives entirely from the particular rights and obligations established by the benefit plans." *Davila,* 542 U.S. at 213. Indeed, AASC itself cites Cigna's "contractual obligations" under the various plan terms as the basis for its claim. (Compl. ¶ 17, ECF No. 1-1). Accordingly, under the two-prong test set forth in *Davila,* 542 U.S. at 209, AASC's unjust enrichment claim is preempted by ERISA § 502(a). The Court declines to re-characterize this claim as an ERISA claim and instead will afford AASC the opportunity to replead its claims in an Amended Complaint in a manner consistent with this opinion. *Enigma Mgmt. Corp. v. Multiplan, Inc.,* 994 F.Supp.2d 290, 305 (E.D.N.Y. 2014).

### b. Promissory Estoppel and Fraud Claims

AASC's promissory estoppel and common law fraud claims are a different matter, however, for such claims "arise not from [a benefit] plan or its terms, but from [] alleged oral representations." *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health & Welfare Trust Fund,* 538 F.3d 594, 597 (7th Cir. 2008); *see also*, *Access Mediquip,* 662 F.3d at 386-87 (distinguishing unjust enrichment claims as ERISA preempted from promissory estoppel and misrepresentation claims, which are not). Indeed, both claims in this case are grounded in the allegation

that AASC relied upon Cigna's false oral assurances that it would approve coverage for the services AASC provided. These claims turn not on the terms of any benefit plan but, rather, concern legal obligations under state law that are separate and distinct from those that could be enforced under ERISA § 502(a). This is because oral misrepresentations "exist completely independent of whatever the plan's language may be." *Oak Brook Surgical Ctr., Inc. v. Aetna, Inc.,* 863 F.Supp.2d 724, 730 (N.D. Ill. 2012). Since the issues that are central to AASC's promissory estoppel and fraud claims – namely, reliance and intent – can be resolved independent of the terms of any patient's healthcare plan, these causes of action are not displaced by ERISA § 502(a) under the doctrine of complete preemption. *See, e.g., Conn. Gen. Life Ins. Co. v. Grand Ave. Surgical Ctr., Ltd.,* No. 13 C 4331, 2014 WL 151755 (N.D. Ill. Jan. 14, 2014) (holding promissory estoppel claim not preempted by ERISA); *Oakbrook,* 863 F.Supp.2d at 730 ("[A] court considering a misrepresentation claim would not need to consider the plan terms to resolve the misrepresentation claim since the plan terms have no bearing on the resolution of that claim.").

Nor are AASC's promissory estoppel and fraud claims preempted expressly by ERISA § 514(a). Although ERISA's express preemption provision is broad, § 514(a) does not preempt state-law claims "that make[] no reference to, or indeed function[] irrespective of, the existence of an ERISA plan." *Ingersoll-Rand v. McClendon,* 498
- 7 -

U.S. 133, 139 (1990). Where, as here, "a court can resolve the merits of a claim without interpreting or applying the terms of any ERISA-regulated health plan, ERISA § 514(a) does not preempt the claim." *Conn. Gen. Life.,* 2014 WL 151755, at *5 (citing *Kolbe v. Kolbe Health & Welfare benefit Plan v. Med. Coll. of Wisc., Inc.,* 657 F.3d 496, 504-5 (7th Cir. 2011)). Accordingly, AASC's promissory estoppel and fraud claims are not preempted by ERISA.

*c. Illinois Insurance Code Claim*

Lastly, AASC seeks relief pursuant to Section 155 of the Illinois Insurance Code, which provides for an award of attorneys' fees, other costs, and punitive damages in cases where an insurer's delay in paying a claim is "vexatious and unreasonable." 215 Ill. Comp. Stat. 5/155. Courts have held consistently that Section 155 claims are preempted by ERISA § 514(a). *See, e.g., Nordahl v. Life Ins. Co. of N. Am.,* No. 09 C 7253, 2010 WL 3893833, at *2 (N.D. Ill. Sept. 24, 2010); *Langworthy v. Honeywell Life and Acc. Ins. Plan,* No. 09 C 2177, 2009 WL 3464131, at *3-4 (N.D. Ill. Oct. 22, 2009); *Jacobson v. Humana Ins. Co.,* No. 05 C 1011, 2005 WL 1563154, at *2-6 (N.D. Ill. June 6, 2005); *Dwyer v. Unum Life Ins. Co. of Am.,* No. 03 C 1118, 2003 WL 22844234, at *5 (N.D. Ill. Dec. 1, 2003); *Estate of Cencula v. John Alden Life Ins. Co.,* 174 F.Supp.2d 794, 799 (N.D. Ill. 2001). Consequently, AASC's Section 155 claim is barred to the extent that it relates to the alleged non-payment for services rendered to the ERISA Patients.

## 2. Failure to State a Claim

The Court next turns to the aspect of Cigna's Motion to Dismiss that concerns AASC's claims as they relate to the alleged amounts owed for the various services AASC provided to the Non-ERISA Patients. A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court accepts all well-pleaded facts and draws any reasonable inferences from those facts in favor of the plaintiff. *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009).

### a. Promissory Estoppel Claim

To state a claim for promissory estoppel under Illinois law, a plaintiff must show that: (1) the defendant made an unambiguous promise to the plaintiff, (2) the plaintiff relied on the promise to his detriment, and (3) the plaintiff's reliance was expected and foreseeable. *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.,* 906 N.E.2d 520, 523-24 (Ill. 2009). Cigna contends that AASC's claim is deficient in two respects.

First, Cigna argues that AASC's Complaint fails to disclose allegations demonstrating that Cigna promised to pay the amounts

AASC now claims it owes. Contrary to that assertion, however, the Complaint clearly states that AASC verified coverage for each patient and that Cigna "unambiguously assur[ed]" it that its claims would be honored. That allegation satisfies the promise element for purposes of stating a promissory estoppel claim. *Rehabilitation Institute of Chicago v. Group Administrators, Ltd.*, 844 F.Supp. 1275, 1278-79 (N.D. Ill. 1994).

Second, Cigna argues that, because AASC "knew" – at least as of August 25, 2011 (the date Cigna first accused AASC of engaging in fee-forgiveness) – that it intended to withhold payment of certain claims, any alleged reliance on future benefit verifications could not have been reasonable. The argument is wholly speculative. Although Cigna may have objected to certain claims on the basis that AASC had looked the other way on patients' cost-share obligations, this entire suit is premised on the notion that Cigna's determinations in that regard were wrong. In AASC's view, Cigna simply had made a clerical mistake, which it believed would be corrected once Cigna had an opportunity to review the relevant patient records. Thus, AASC had no way of predicting that Cigna would continue to deny future claims on this same erroneous basis or that it would decline to correct any of its prior determinations. If AASC's allegations are taken as true, which for purposes of this Motion they must, Cigna acted arbitrarily in its

continued refusal to honor the claims at issue in this case – and arbitrary behavior rarely is foreseeable.

For these reasons, the Court finds AASC's allegations sufficient to state a claim for promissory estoppel.

### b. *Fraud Claim*

To state a claim for common law fraud in Illinois, a plaintiff must demonstrate that (1) the defendant made a false statement of material fact, which he knew or believed to be false, (2) the defendant intended his statement to induce the plaintiff to act, (3) the plaintiff relied justifiably upon the statement, and (4) the plaintiff suffered damages resulting from that reliance. *Connick v. Suzuki Motor Co., Ltd.,* 675 N.E.2d 584, 591 (Ill. 1996). Where, as here, the fraud alleged involves "a false statement of intent regarding future conduct," the plaintiff also must prove that the act was part of a "scheme to defraud." *Ass'n Ben. Servs., Inc. v. Caremark RX, Inc.,* 493 F.3d 841, 853 (7th Cir. 2007). A scheme to defraud requires either a "pattern of fraudulent statements" or "one particularly egregious fraudulent statement." *BPI Energy Holdings, Inc. v. IEC (Montgomery), LLC,* 664 F.3d 131, 136 (7th Cir. 2011) (collecting Illinois cases).

Cigna argues that AASC's allegations fail to give rise to a plausible claim for promissory fraud because the Complaint does not implicate Cigna in any scheme to defraud. The Court disagrees. AASC alleges that Cigna, on multiple occasions, misrepresented that

it would reimburse AASC for its services, despite having no intention of ever making good on its promises. Under Illinois law, "where a plaintiff pleads merely that the defendant made a promise that [it] never intended to keep, the 'intentional misrepresentation amounts to a scheme to defraud,' and the claim is actionable." *Andrews v. Gerace,* No. 13 C 1521, 2014 WL 4627383, at *9 (N.D. Ill. Sept. 15, 2014) (quoting *Gagnon v. Schickel,* 983 N.E.2d 1044, 1054 (Ill. App. Ct. 2012)). Accordingly, the facts alleged in AASC's Complaint are sufficient to demonstrate a scheme to defraud.

Cigna also argues that AASC's fraud claims lack the necessary particularity required under Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud." These circumstances include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 668 (7th Cir. 2008). Malice, intent, knowledge, and other such mental states "may be averred generally." *Hefferman v. Bass,* 467 F.3d 596, 601 (7th Cir. 2006).

Here, AASC alleges that Cigna's representatives made fraudulent assurances concerning reimbursement for various insurance claims. AASC specifies that these representations were

made between 2010 and 2012. Although AASC does not name the specific individuals who verified coverage for each patient, only the institutional identity is required for fraud claims where "the only defendant is a corporation or institution." *AAR Intern., Inc. v. Vacances Heliades S.A.,* 202 F.Supp.2d 788, 799 (N.D. Ill. 2002). At this stage, the Court is satisfied that AASC's fraud claim contains sufficient particularity to meet the requirements of Rule 9(b).

*c. Unjust Enrichment Claim*

In Illinois, a claim for unjust enrichment exists where "the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.,* 545 N.E.2d 672, 679 (Ill. 1989). A claim for unjust enrichment allows courts to imply the existence of a contract where none exists. *Prudential Ins. Co. of Am. v. Clark Consulting, Inc.,* 548 F.Supp.2d 619, 622 (N.D. Ill. 2008). However, unjust enrichment is not an appropriate remedy when a claim actually falls within the terms of an express agreement. *See, Util. Audit, Inc. v. Horace Mann Serv. Corp.,* 383 F.3d 683, 688–89 (7th Cir. 2004) ("When two parties' relationship is governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the contract.").

AASC concedes in its Complaint that its unjust enrichment claim arises out of Cigna's "contractual obligations" pursuant to each patient's individual benefit plan. (Compl. ¶ 17). Because those obligations are the source from which AASC derives its entitlement to reimbursement, unjust enrichment is not the proper avenue for relief in this case. Accordingly, AASC's unjust enrichment claim as it relates to payment for services rendered to the Non-ERISA patients is dismissed.

*d. Illinois Insurance Code Claim*

In order to bring a claim under Section 155 of the Illinois Insurance Code, the dispute must involve "[a] policy or policies of insurance." 215 Ill. Comp. Stat. 5/155(1). Cigna contends that AASC's Section 155 claim as it relates to the Non-ERISA Patients must be dismissed because several of the policies at issue were funded by insurers other than Cigna. Although that assertion perhaps may turn out to be true, the Court fails to see how it serves as a basis for dismissal, since Cigna admits that it issued at least some of the policies involved in this case. If discovery proves that some of the plans were not issued by Cigna, the issue may be raised when it comes time to assess damages. At this early stage, however, the Court declines to dismiss AASC's Section 155 claim with respect to the Non-ERISA Patients.

**B. Motion to Strike the Jury Demand**

Cigna also has moved to strike AASC's demand for a jury trial "insofar as it applies to services that AASC allegedly furnished to members of benefit plans governed by ERISA." (Def.'s Mot. to Strike Jury Demand ¶ 5, ECF No. 11). Because the ERISA statute is equitable in nature, courts have held that there is no right to a trial by jury in ERISA cases. *Mathews v. Sears Pension Plan,* 144 F.3d 461, 468 (7th Cir. 1998). Since AASC's unjust enrichment and Section 155 claims are preempted by ERISA, the jury demand is stricken as to those claims. However, the Motion to Strike is denied as to the non-preempted claims of promissory estoppel and fraud and as to all claims insofar as they relate to the Non-ERISA Patients.

### III. CONCLUSION

What should have been a very straightforward case has been complicated immeasurably by the manner in which Cigna has insisted on proceeding in this Court. Motions to dismiss are helpful when they narrow the issues in a case or prevent the advancement of a plainly spurious suit. Cigna's Motion has done neither of those things. Instead, all that Cigna has accomplished is the further discombobulation of a set of state-law claims already fractured by the happenstance that some of the benefit plans at issue are governed by ERISA and some are not. Even after this Motion, all of AASC's claims have remained intact in one way or another. Little

has been removed from the table; even less has been simplified for discovery.  The Motion was not a worthy use of judicial resources and has not contributed at all to a meaningful and efficient resolution of this dispute.  Cigna should think long and hard before filing another such motion in this case.

Cigna's Motion to Dismiss [ECF No. 13], and Motion to Strike the jury demand in this case [ECF No. 11] are each granted in part and denied in part.  AASC shall have twenty-one (21) days from the date of this Order to file an Amended Complaint.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　
Harry D. Leinenweber, Judge
United States District Court

Date:9/30/2014